## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAREN BETER** <br>         **Plaintiff,** | **CIVIL NO. 2:23-CV-06007** |
| **VERSUS** | **JUDGE DARREL J. PAPILLION** |
| **OCCIDENTAL FIRE & CASUALTY** <br> **COMPANY OF NORTH CAROLINA** <br>         **Defendant.** | **MAGISTRATE DONNA P. CURRAULT** |

## ANSWER TO PETITION FOR BREACH OF CONTRACT AND DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Occidental Fire & Casualty Company of North Carolina ("Occidental"), which files this Answer in response to the Petition for Breach of Contract and Damages ("Petition") filed by Plaintiff, Karen Beter, respectfully showing unto this Honorable Court as follows:

## FIRST DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Petition fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Defendant specifically denies each and every allegation in Plaintiff's Petition, except as specifically admitted below.

**AND NOW**, for its Answer to the particular allegations in Plaintiff's Petition, Defendant avers as follows:

1.

Except to admit that Occidental is a foreign insurer, the remaining allegations contained in Paragraph 1 of the Plaintiff's Petition are denied for a lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 of the Petition consist of jurisdictional statements and conclusions of law which do not require an answer from this Defendant. To the extent an answer is required, the remaining allegations contained in Paragraph 2 of the Petition are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Petition consist of jurisdictional statements and conclusions of law which do not require an answer from this Defendant. To the extent an answer is required, the remaining allegations contained in Paragraph 3 of the Petition are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Petition are denied for lack of sufficient information to justify a belief therein.

5.

Except to admit that Occidental issued Policy No. LAP2730770 to Karen Beter, which is the best evidence of its contents and terms and speaks for itself, the remaining allegations contained in Paragraph 5 of the Petition are denied for lack of sufficient information to justify a belief therein.

6.

Except to admit that Occidental issued Policy No. LAP2730770 to Karen Beter, which is the best evidence of its contents and terms and speaks for itself, the remaining allegations contained in Paragraph 6 of the Petition are denied for lack of sufficient information to justify a belief therein.

7.

Except to admit that Hurricane Ida made landfall on or about August 29, 2021, the

remaining allegations contained in Paragraph 7 of the Petition are denied for lack of sufficient information to justify a belief therein.

8.

Except to admit that a claim was reported, the remaining allegations contained in Paragraph 8 of the Petition are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Petition are denied.

10.

Paragraph 10 of the Petition simply re-alleges and re-avers all allegations contained in the preceding paragraphs, to which Defendant re-avers its previous answers. To the extent a further answer is required, the allegations contained in Paragraph 10 of the Petition are denied.

11.

The allegations contained in Paragraph 11 of the Petition are denied.

12.

The allegations contained in Paragraph 12 of the Petition are denied.

13.

Paragraph 13 of the Petition simply re-alleges and re-avers all allegations contained in the preceding paragraphs, to which Defendant re-avers its previous answers. To the extent a further answer is required, the allegations contained in Paragraph 13 of the Petition are denied.

14.

The allegations contained in Paragraph 14 of the Petition are denied.

15.

The allegations contained in Paragraph 15 of the Petition are denied.

16.

The allegations contained in Paragraph 16 of the Petition are denied.

17.

The allegations contained in Paragraph 17 of the Petition are denied.

18.

Paragraph 18 of the Petition simply re-alleges and re-avers all allegations contained in the preceding paragraphs, to which Defendant re-avers its previous answers. To the extent a further answer is required, the allegations contained in Paragraph 18 of the Petition are denied.

19.

The allegations contained in Paragraph 19 of the Petition, including all subparagraphs thereof, are denied.

20.

The allegations contained in Paragraph 20 of the Petition consist of conclusions of law which do not require an answer from this Defendant. To the extent further answer is required, Defendant also requests a trial by jury.

21.

The allegations contained in the last unnumbered "WHEREFORE" Paragraph of the Plaintiff's Petition do not require a response as they call for legal conclusions and/or procedural relief. To the extent that any allegations are contained in the prayer for relief imply liability of Defendant, said allegations are specifically denied.

22.

The allegations against Defendant in any unnumbered or misnumbered paragraphs are denied for lack of sufficient information to justify a belief therein.

      **AND NOW**, furthering answering herein, Defendant, Occidental Fire & Casualty Company of North Carolina, asserts the following affirmative defenses:

**THIRD DEFENSE**

      Defendant specifically pleads that the policy issued by Defendant to Plaintiff, bearing Policy No. LAP2730770, being a written document, is the best evidence of its terms, conditions, endorsements, and exclusions, which Defendant incorporates as if copied herein *in extenso*.  This action and/or any relief sought is or may be barred, in whole or in part, by the terms, conditions, endorsements, and exclusions set forth in the applicable insurance policy issued by Defendant to Plaintiff. The policy includes the following relevant provisions and/or cited reasons for denial:

**HOMEOWNERS 3 – SPECIAL FORM**
***

**SECTION I – PROPERTY COVERAGES**

**A.**     **Coverage A – Dwelling**

    1.     We cover:
        a.     The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling; and
        b.     Materials and supplies located on or next to the "residence premises" used to construct, alter or repair the dwelling or other structures on the "residence premises".
    2.     We do not cover land, including land on which the dwelling is located.

**B.**     **Coverage B – Other Structures**

    1.     We cover other structures on the "residence premises" set apart from the dwelling by clear space. This includes structures connected to the dwelling by only a fence, utility line, or similar connection.

***

**C.**     **Coverage C – Personal Property**

    1.     Covered Property
        We cover personal property owned or used by an "insured" while it is anywhere in the world. After a loss and at your request, we will cover personal property owned by:
        a.     Others while the property is on the part of the "residence premises" occupied by an "insured"; or
        b.     A guest or a "residence employee", while the property is in any residence occupied by an "insured".

***

**D.**     **Coverage D – Loss of Use**

5

The limit of liability for Coverage D is the total limit for the coverages in 1. Additional Living Expense, 2. Fair Rental Value and 3. Civil Authority Prohibits Use below.

1.      Additional Living Expenses

If a loss covered under Section I makes that part of the "residence premises" where you reside not fit to live in, we cover any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living.

Payment will be for the shortest time required to repair or replace the damage or, if you permanently relocate, the shortest time required for your household to settle elsewhere.

\*\*\*

**E.**      **Additional Coverages**

1.      Debris Removal

a.      We will pay your reasonable expense for the removal of:

(1)      Debris of covered property if a Peril Insured Against that applies to the damaged property causes the loss; or

\*\*\*

b.      We will also pay your reasonable expense, up to $1,000, for the removal from the "residence premises" of:

(1)      Your tree(s) felled by the peril of Windstorm or Hail or Weight of Ice, Snow or Sleet; or

(2)      A neighbor's tree(s) felled by a Peril Insured Against under Coverage **C**;

provided the tree(s):

(3)      Damage(s) a covered structure; or

\*\*\*

The $1,000 limit is the most we will pay in any one loss regardless of the number of fallen trees. No more than $500 of this limit will be paid for the removal of any one tree.

This coverage is additional insurance.

\*\*\*

3.      Trees, Shrubs And Other Plants

We cover trees, shrubs, plants or lawns, on the "residence premises", for loss caused by the following Perils Insured Against:

a.      Fire or Lightning;

b.      Explosion;

c.      Riot or Civil Commotion;

d.      Aircraft;

e.      Vehicles not owned or operated by a resident of the "residence premises";

f.      Vandalism or Malicious Mischief; or

g.      Theft.

We will pay up to 5% of the limit of liability that applies to the dwelling for all trees, shrubs, plants or lawns. No more than $500 of this limit will be

paid for any one tree, shrub or plant. We do not cover property grown for "business" purposes.

***

## SECTION I – PERILS INSURED AGAINST

**A.      Coverage A – Dwelling And Coverage B – Other Structures**

　　1.      We insure against direct physical loss to property described in Coverages **A** and **B**.

　　2.      We do not insure, however, for loss:

　　　　a.      Excluded under Section I – Exclusions;

***

　　　　c.      Caused by:

　　　　　　(6)      Any of the following:

　　　　　　　　(a)      Wear and tear, marring, deterioration;

　　　　　　　　(b)      Mechanical breakdown, latent defect, inherent vice or any quality in property that causes it or destroy itself;

***

## SECTION I – EXCLUSIONS

A.      We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

　　1.      Ordinance Or Law

　　　　Ordinance Or Law means any ordinance or law:

　　　　a.      Requiring or regulating the construction, demolition, remodeling, renovation or repair of property, including removal of any resulting debris. This Exclusion A.1.a. does not apply to the amount of coverage that may be provided for in E.11 Ordinance Or Law under Section I – Property Coverage;

***

　　2.      Earth Movement

　　　　Earth Movement means:

　　　　a.      Earthquake, including land shock waves or tremors before, during or after volcanic eruption;

　　　　b.      Landslide, mudslide or mudflow;

　　　　c.      Subsidence or sinkhole; or

　　　　d.      Any other earth movement including earth sinking, rising or shifting.

　　　　This Exclusion A.2. applies regardless of whether any of the above, in A.2.a. through A.2.d., is caused by an act of nature or is otherwise caused.

***

　　3.      Water

　　　　This means:

7

        a.      Flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind, including storm surge;

***

5.     Neglect
       Neglect means neglect of an "insured" to use all reasonable means to save and preserve property at and after the time of a loss.

***

B.    We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuring loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.

***

3.     Faulty, inadequate, or defective:
       a.      Planning, zoning, development, surveying, siting;
       b.      Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
       c.      Materials used in repair, construction, renovation or remodeling; or
       d.      Maintenance;
       of part or all of any property whether on or off the "residence premises".

## SECTION I – CONDITIONS

***

C.    **Duties After Loss**
       In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
     1.     Give prompt notice to us or our agent;

***

     4.     Protect the property from further damage. If repairs to the property are required, you must:
       a.      Make reasonable and necessary repairs to protect the property; and
       b.      Keep an accurate record of repair expenses;
     5.     Cooperate with us in the investigation of a claim;
     6.     Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;
     7.     As often as we reasonably require:
       a.      Show the damaged property;

***

D.    **Loss Settlement**
       In this Condition D., the terms "cost to repair or replace" and "replacement cost" do not include the increased costs incurred to comply with the enforcement of any ordinance or law, except to the extent that coverage for these increased costs is provided in E.11. Ordinance Or Law under Section I – Property Coverages. Covered property losses are settled as follows:

8

1.  Property of the following types:
    a.  Personal property;
    b.  Awnings, carpeting, household appliances, outdoor antennas and outdoor equipment, whether or not attached to buildings;
    c.  Structures that are not buildings; and
    d.  Grave markers, including mausoleums;
    at actual cash value at the time of loss but not more than the amount required to repair or replace.

2.  Buildings covered under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:
    a.  If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace without deduction for depreciation, but not more than the least of the following amounts:
        (1)  The limit of liability under this policy that applies to the building;
        (2)  The replacement cost of that part of the building damaged with material of like kind and quality and for like use; or
        (3)  The necessary amount actually spent to repair or replace the damaged building.
        If the building is rebuilt at a new premises, the cost described in (2) above is limited to the cost which would have been incurred if the building had been built at the original premises.
    b.  If, at the time of loss, the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building immediately before the loss, we will pay the greater of the following amounts, but not more than the limit of liability under this policy that applies to the building:
        (1)  The actual cash value of that part of the building damaged; or
        (2)  That proportion of the cost to repair or replace, without deduction for depreciation, that part of the building damaged, which the total amount of insurance in this policy on the damaged building bears to 80% of the replacement cost of the building.
    c.  To determine the amount of insurance required to equal 80% of the full replacement cost of the building immediately before the loss, do not include the value of:
        (1)  Excavations, footings, foundations, piers, or any other structures or devices that support all or part of the building, which are below the undersurface of the lowest basement floor;
        (2)  Those supports described in (1) above which are below the surface of the ground inside the foundation walls, if there is no basement; and

(3)    Underground flues, pipes, wiring and drains.

d.    We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss as noted in 2.a. and b. above.

\*\*\*

**G.    Other Insurance and Service Agreement**

If a loss covered by this policy is also covered by:

1.    Other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss; or

2.    A service agreement, this insurance is excess over any amounts payable under any such agreement. Service agreement means a service plan, property restoration plan, home warranty or other similar service warranty agreement, even if it is characterized as insurance.

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**SPECIAL PROVISIONS – LOUISIANA**

**SECTION I – CONDITIONS**

Paragraph 8. of C. Duties After Loss is replaced by the following

8.    Send us your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

a.    The time and cause of loss;

b.    The interests of all "insureds" and all others in the property involved and all liens on the property;

c.    Other insurance which may cover the loss;

d.    Changes in title or occupancy of the property during the term of the Policy;

e.    Specifications of damaged buildings and detailed repair estimates;

f.    The inventory of damaged personal property described in 6. Above;

g.    Receipts for additional living expenses incurred and records that support the fair rental value loss; and

\*\*\*

**D.    Loss Settlement**

Under Forms HO 00 02, HO 00 03 and HO 00 05, Paragraph 2.a.(2) is replaced by the following:

(2)    The replacement cost of that part of the building damaged with material of like kind and quality;

\*\*\*

**F.    Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state

where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.

Each party will:

1.    Pay its own appraiser; and
2.    Bear the other expenses of the appraisal and umpire equally.

***

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**LIMITED FUNGI, WET OR DRY ROT, OR BACTERIA
COVERAGE-LOUISIANA**
***

**DEFINITIONS**

The following definitions are added:

**"Fungi"**

a.    "Fungi" means any type or form of fungus, including mold or mildew, and any mycotoxins, spores, scents or by-products produced or released by fungi.

b.    Under Section II, this does not include any fungi that are, are on, or are contained in, a good or product intended for consumption.

"Bacteria"

"Bacteria" means any type, kind or form of bacterium.


**SECTION I – PROPERTY COVERAGES**

**E. Additional Coverages**

Paragraph **10.k.(2)(d)** is deleted in Form **HO 00 05** only.

The following Additional Coverage is added:

13.    "Fungi", Wet Or Dry Rot, Or "Bacteria"

a.    The amount shown in the Schedule above is the most we will pay for:

(1)    The total of all loss payable under Section **I** – Property Coverages caused by "fungi", wet or dry rot, or "bacteria";

(2)    The cost to remove "fungi", wet or dry rot, or "bacteria" from property covered under Section **I** – Property Coverages;

(3)    The cost to tear out and replace any part of the building or other covered property as needed to gain access to the "fungi", wet or dry rot, or "bacteria"; and

(4)    The cost of testing of air or property to confirm the absence, presence or level of "fungi", wet or dry rot, or "bacteria" whether performed prior to, during or after removal, repair, restoration or replacement. The cost of such testing will be provided only to the extent that there is a reason to believe that there is the presence of "fungi", wet or dry rot, or "bacteria".

b.    The coverage described in 13.a. only applies when such loss or costs are a result of a Peril Insured Against that occurs during the policy period

11

and only if all reasonable means were used to save and preserve the property from further damage at and after the time the Peril Insured Against occurred.

c. The amount shown in the Schedule for this coverage is the most we will pay for the total of all loss or costs payable under this Additional Coverage regardless of the:

(1) Number of locations insured under this endorsement; or

(2) Number of claims-made.

This coverage does not increase the limit of liability applying to the damaged covered property.

## SECTION I – PERILS INSURED AGAINST

In Form **HO 00 03:**

**A.      Coverage A – Dwelling And Coverage B –Other Structures**

Paragraph **2.c.(5)** is deleted and replaced by the following:

(5) Caused by constant or repeated seepage or leakage of water or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years unless such seepage or leakage of water or the presence or condensation of humidity, moisture or vapor and the resulting damage is unknown to all "insureds" and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure.

***

## SECTION I – EXCLUSIONS

Exclusion **A.10**. is added.

## 10. "Fungi", Wet Or Dry Rot, Or "Bacteria"

"Fungi", Wet Or Dry Rot, Or "Bacteria" meaning the presence, growth, proliferation, spread or any activity of "fungi", wet or dry rot, or "bacteria".

This exclusion does not apply:

a.  When "fungi", wet or dry rot, or "bacteria" results from fire or lightning; or

b.  To the extent coverage is provided for in the "Fungi", Wet Or Dry Rot, Or "Bacteria" Additional Coverage under Section I – Property Coverages with respect to loss caused by a Peril Insured Against other than fire or lightning.

Direct loss by a Peril Insured Against resulting from "fungi", wet or dry rot, or bacteria is covered.

c.  With respect to "fungi", wet or dry rot, or "bacteria" that is located on the portion of the covered property that must be repaired or replaced because of direct physical damage caused by a Peril Insured Against.

However, the exclusion shall continue to apply to:

(1)      The cost to treat, contain, remove or dispose of "fungi", wet or dry rot, or "bacteria" beyond that which is required to repair or replace the covered property physically damaged by a Peril Insured Against;

(2) The cost of any testing of air or property to confirm the absence, presence or level of "fungi", wet or dry rot, or "bacteria" whether performed prior to, during or after removal, repair, restoration or replacement; and

(3) Any increase in loss under Coverage D — Loss Of Use and Additional Coverage 1. Debris Removal resulting from c.(1) and (2).

Direct loss by a Peril Insured Against resulting from "fungi", wet or dry rot, or "bacteria" is covered.

***

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**
**WATER EXCLUSION ENDORSEMENT**

SECTION I - EXCLUSIONS

A.3. Water Damage is replaced by the following:

3. Water

This means:

a. Flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind, including storm surge;

b. Water which:

(1) Backs up through sewers or drains; or

(2) Overflows or is otherwise discharged from a sump, sump pump or related equipment;

c. Water below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a building, sidewalk, driveway, patio, foundation, swimming pool or other structure; or

d. Waterborne material carried or otherwise moved by any of the water referred to in A.3.a. through A.3.c. of this Exclusion.

This Exclusion (A.3.) applies regardless of whether any of the above, in A.3.a. through A.3.d., is caused by an act of nature or is otherwise caused.

This Exclusion (A.3.) applies to, but is not limited to, escape, overflow or discharge, for any reason, of water or waterborne material from a dam, levee, seawall or any other boundary or containment system.

However, direct loss by fire, explosion or theft resulting from any of the above, in A.3.a. through A.3.d., is covered.

All other provisions of this policy apply.

***

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**
**HURRICANE DEDUCTIBLE – LOUISIANA**

**A.    Definitions**

The following definition is added for the deductible provided by this endorsement: "Hurricane" means a storm system that has been declared a hurricane by the National Hurricane Center of the National Weather Service.

**B.    Section I - Conditions**

The following special deductible provisions added to the policy:

**1.    Applicable Deductible**

      a.     The applicable hurricane deductible:

           (1)   Is either:

                (a)   The dollar amount shown in the Schedule as the Hurricane Deductible; or

                (2)   If a percentage is shown in the Schedule, the dollar amount determined by multiplying the Coverage A limit of Liability shown in the Declarations by the percentage shown as the Hurricane Deductible in the Schedule.

                      \*\*\*

**2.    Standard Hurricane Deductible**

      a.     With respect to the peril of Windstorm or Hail, we will pay only that part of the total of all loss payable that exceeds the applicable hurricane deductible described in Paragraph B.1. of this endorsement.

      b.     Except as provided in Paragraph B.3 of this endorsement, no other deductible applies to loss caused by the peril of windstorm or hail during the period described in Paragraph B.1.a.(2) of this endorsement.

      c.     Refer to the policy Declarations for the deductible that applies to loss caused by the peril of Windstorm or Hail other than during the period described in Paragraph B.1.a.(2) of this endorsement.

                      \*\*\*

## SWIMMING POOL AND/OR PATIO ENCLOSURE EXCLUSION AND LIMITED COVERAGE

**DEFINITIONS**

The following definitions are added:

"Swimming Pool and/or Patio Enclosure(s)" mean structures that fully or partially cover or enclose a swimming pool and/or patio. The enclosure(s) may be constructed of wood, fiberglass, aluminum, glass, vinyl, canvas, fiber or wire mesh screen or any other material or combination of materials, whether or not engineered or custom designed or attached to or set apart from any building or structure.

**SECTION I - PROPERTY COVERAGES**

**A.    Coverage A - Dwelling**

     Paragraph 2. Is deleted and replaced by the following:

     2.     We do not cover:

           a.     Land, including land on which the dwelling is located; or

           b.     "Swimming Pool and/or Patio Enclosure(s)". This exclusion does not apply to an enclosure that is fully covered by the roof of the main dwelling covered under this policy.

**B.    Coverage B - Other Structures**

     The following is added to Paragraph 2:

"Swimming Pool and/or Patio Enclosure(s)" This exclusion does not apply to an enclosure that is fully covered by the roof of the main dwelling covered under this policy.

**Limited Coverage for "Swimming Pool and/or Patio Enclosure(s)"**

1.  For an additional premium, we cover loss to any "Swimming Pool and/or Patio Enclosure(s)" under Coverage A - Dwelling of Coverage **B** - Other Structures, as applicable, caused by a peril insured against. For this coverage to apply, a limit of liability and premium must be shown in the Declarations for "Swimming Pool and/or Patio Enclosure(s)" Coverage.

2.  The limit of liability shown in the Declarations for "Swimming Pool and/or Patio Enclosure(s)" Coverage is the maximum we will pay for damages to any "Swimming Pool and/or Patio Enclosure(s)", and does not increase the Coverage A - Dwelling or Coverage B - Other Structures limit of liability in the Declarations. Further, with regard to any "Swimming Pool and/or Patio Enclosure(s)", any applicable ordinance or law coverage shall be calculated as a percentage of the endorsed limit, and shall not be calculated as a percentage of the limit of liability shown for Coverage **A** - Dwelling or Coverage **B** - Other Structures in the Declarations.

3.  The policy deductible applies to this coverage. However, in the event that a covered occurrence causes damage to property covered under Coverage **A** and/or Coverage **B** in addition to the described "Swimming Pool and/or Patio Enclosure(s)" covered under the "Limited Coverage For "Swimming Pool and/or Patio Enclosure(s)" of this endorsement, the policy deductible applies only once to all covered property.

All other provisions of this policy apply.

## **FOURTH DEFENSE**

The sole cause of the incident complained of herein was the negligence or fault of Plaintiff and/or third parties, which negligence or fault bars any recovery herein.

## **FIFTH DEFENSE**

In the alternative, the negligence or fault of Plaintiff or other parties, was a contributing cause of the incident complained of herein and should be considered in the assessment and apportionment of damages.

## **SIXTH DEFENSE**

In the further alternative, the sole cause of the incident complained of herein was the negligence or fault of third persons for whom this Defendant has no responsibility, legal or

otherwise.

## SEVENTH DEFENSE

In the further alternative, the negligence of any third parties, for which Defendant has no liability, was a contributing cause of the incident complained of herein and should be considered in the assessment and the apportionment of damages.

## EIGHTH DEFENSE

Defendant avers that Plaintiff has sustained no damages or injuries for which she is entitled to recover any amounts whatsoever as a result of any breach of contractual or legal duties owed to Plaintiff by Defendant.

## NINTH DEFENSE

At all times pertinent hereto, Defendant and/or its agents have acted reasonably and in good faith in the investigation and handling of Plaintiff's claim, and Defendant has fully complied with Louisiana Revised Statutes 22:1982 and 22:1973.

## TENTH DEFENSE

At all times pertinent hereto, Defendant's adjustment of Plaintiff's insurance claim was neither arbitrary, nor capricious, nor without probable cause.

## ELEVENTH DEFENSE

Defendant avers that Plaintiff has failed to submit satisfactory proof of loss for the claims asserted in accordance with the terms, conditions, and limitations of the subject policy.

## TWELFTH DEFENSE

Defendant avers, adopts, and pleads any and all affirmative defenses recognized in the Federal Rules of Civil Procedure and/or in Louisiana Code of Civil Procedure Article 1005 as if copied herein *in extenso*.

## THIRTEENTH DEFENSE

Defendant reserves the right to amend this answer as the facts and circumstances become more fully known through discovery or otherwise.

## JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

**WHEREFORE**, Defendant, Occidental Fire & Casualty Company of North Carolina, prays that this Answer be deemed good and sufficient and that after due proceedings be had, that Plaintiff's suit be dismissed at Plaintiff's cost, and that Judgment be rendered in favor of Defendant and against Plaintiff, Karen Beter, as set forth above, and that all costs of these proceedings be assessed to said Plaintiff.

Respectfully submitted:

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, APLC**

 _/s/ Joshua H. Dierker_____
**JAMES A. PRATHER (#20595)**
**JOSHUA H. DIERKER (#35109)**
3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70471
Ph. 985-674-6680/Fax 985-674-6681
Email:  jprather@gallowaylawfirm.com
          jdierker@gallowaylawfirm.com
*Counsel for Occidental Fire & Casualty Company*
*of North Carolina*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2023, a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

*/s/ Joshua H. Dierker*_____
**JOSHUA H. DIERKER**